Lester **COLLINS**, Appellant,

v.

Donald **WILLIAMS**, Appellee.

No. 1998–CA–000445–MR.

Court of Appeals of Kentucky.

Aug. 13, 1999.

Discretionary Review Denied by Supreme Court Feb. 16, 2000.

Robert L. Chenoweth, Frankfort, for Appellant.

W. Sidney Trivette, Pikeville, for Appellee.

Before: BUCKINGHAM, COMBS, and McANULTY, Judges.

## OPINION

BUCKINGHAM, Judge.

Lester Collins (Collins) appeals from a judgment of the Pike Circuit Court awarding Donald Williams (Williams) $40,000 for his malicious prosecution claim against Collins. We reverse and remand.

On November 27, 1995, Collins, the director of pupil personnel for the Pike County School District, received a report by fax from Charles Francis (Francis), the principal at Lookout Elementary School, that Williams's daughter was being held out of school by her parents who were refusing to allow her to be placed in Lookout's in-school suspension room. At that time, the child had missed ten and one-half consecutive school days in November with unexcused absences. Collins acted on the report by going to the Pike County Attorney's office on the same day and signing a criminal complaint against Williams which alleged in pertinent part that Williams "UNLAWFULLY AND INTENTIONALLY FAILS TO SEND MINOR CHILD

TO SCHOOL." Francis did not accompany Collins to the county attorney's office and did not sign the criminal complaint against Williams.

Pursuant to Collins's complaint, the county attorney's office prepared a summons charging Williams with "UNLAWFUL TRANSACTION WITH A MINOR KRS 530.064 ... PARENT OR CUSTTO [sic] SEND CHILT [sic] TO SCHOOL KRS 159.010...." In other words, the summons prepared by the county attorney's office and signed by the district judge charged Williams with first-degree unlawful transaction with a minor in violation of Kentucky Revised Statute (KRS) 530.064 and failing to send a child to school in violation of KRS 159.010.

KRS 159.010(1) provides in pertinent part that "each parent, ... having in custody or charge any child who has entered the primary school program or any child between the ages of six (6) and sixteen (16) shall send the child to a regular public day school...." A first offense violation of the statute carries a $100 fine. KRS 159.990(1). KRS 530.064(1) provides that "[a] person is guilty of unlawful transaction with a minor in the first degree when he knowingly induces, assists, or causes a minor to engage in illegal sexual activity except those offenses involving minors in KRS Chapter 531 and KRS 529.030." That statute makes no mention of truancy and relates only to illegal sexual activity. However, KRS 530.070(1)(c) states that "[a] person is guilty of unlawful transaction with a minor in the third degree when: .... (c) He knowingly induces, assists or causes a minor to become a habitual truant[.]"

When Williams was served with a copy of the complaint and summons by a deputy sheriff, the deputy sheriff advised him that he was charged with causing his daughter to engage in illegal sexual activity. Collins testified that the deputy sheriff also advised him of the erroneous charge and that he (Collins) went to the county attorney's office where he was advised that the error would be corrected. By a letter dated November 30, 1995, Williams's attorney advised Collins that there were no grounds for the first-degree unlawful transaction with a minor charge and requested Collins "to dismiss the charge immediately." That charge against Williams was not dismissed until his initial court appearance on December 13, 1995, pursuant to the summons. Williams testified that the charges caused him public shame and humiliation and emotional distress. He subsequently entered a pretrial diversion agreement with the Commonwealth wherein prosecution of the violation of KRS 159.010 would be diverted for a six-month period on the condition that his daughter attend school. Upon completion of the diversion period, that charge was also dismissed.

In January 1996, Williams filed a malicious prosecution action in the Pike Circuit Court against Collins, Francis, and Trula Hylton (Hylton), a teacher. The case proceeded to trial in December 1996, and Hylton was dismissed as a defendant on the first day of the trial. At the conclusion of the trial, the jury returned a verdict in favor of Williams and against Collins in the amount of $40,000; however, it was unable to reach a verdict regarding Williams's claim against Francis. Judgment was then entered pursuant to the jury's verdict, and this appeal by Collins followed.

■ On appeal, Collins asserts that evidence of malice on his part was insufficient to support a verdict of malicious prosecution, that he was entitled to prevail as a matter of law based upon the absolute defense of advice of counsel, that evidence of lack of probable cause was insufficient to support a verdict of malicious prosecution, that the disposition of the KRS 159.010 charge by diversion agreement resulted in Williams's not being able to prove that the prosecution against him was terminated in his favor, that the jury instructions were erroneous, and that the award of damages was clearly excessive.

■ The elements necessary to maintain an action for malicious prosecution are set forth in *Raine v. Drasin,* Ky., 621 S.W.2d 895 (1981), as follows:

(1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.

*Id.* at 899. We conclude that the trial court erred in not granting a directed verdict in Collins's favor.

■ As we have noted, one of the elements necessary to maintain an action for malicious prosecution is the want or lack of probable cause for the proceeding. *Id.* The burden in a malicious prosecution action is on the plaintiff to prove lack of probable cause, and the probable cause issue is a question for the court to decide. *Prewitt v. Sexton,* Ky., 777 S.W.2d 891, 894–95 (1989). In the case sub judice, the trial court erred in not granting a directed verdict in favor of Collins due to the failure of Williams to prove lack of probable cause for the criminal charges. Collins had received a fax from Francis that Williams's daughter had missed ten and one-half consecutive school days with unexcused absences and that the child was being held out of school due to a disagreement with school personnel. This undisputed information was sufficient probable cause to believe that Williams had violated KRS 159.010(1) and KRS 530.070(1)(c).

■ Williams argues, however, that he was prosecuted for violating KRS 530.064(1) rather than KRS 530.070(1)(c).

While we agree with Williams that there was a lack of probable cause to support a charge of violating KRS 530.064(1), that charge was brought against Williams by the county attorney's office and not by Collins. The erroneous charge was set forth on the criminal summons which was prepared by the county attorney's office and signed by the district judge. Collins never alleged in his criminal complaint that Williams had induced his daughter to engage in illegal sexual activity. Therefore, he may not be held responsible for Williams's being charged with violating KRS 530.064(1)(c) when he neither made the error nor caused it to be made.[1]

Furthermore, Collins may not be held responsible in any manner for the failure of the county attorney's office to drop the improper charge. Upon learning of the improper charge, Collins immediately notified the county attorney's office, which waited until Williams's arraignment to move for the dismissal of the charge. Any humiliation, embarrassment, or shame suffered by Williams in the interim was not caused by Collins as he could only request the county attorney to drop the charge. Only the county attorney could move the district court to dismiss the charge, and only the district judge could dismiss it.

The judgment of the Pike Circuit Court is reversed, and this case is remanded for the dismissal of Williams' complaint.

ALL CONCUR.

---

1. There was evidence that the same error had been made in the preparation of other criminal summonses by one of the county attorney's secretaries in cases involving other individuals.